91 F.3d 132
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michael E. RHODES; Danita Rhodes, Plaintiffs-Appellants,
v.
Carl R. SMITHERS; Houston M. Eads; David W. Skeen,
individually, and as officers of the West Virginia State
Police; Robin K. Welch, individually and as Prosecuting
Attorney of Roane County, West Virginia; Tony Morgan,
individually, and as Special Prosecutor for Roane County,
West Virginia, Defendants-Appellees,
and
Dallas J. WOLFE; John Does, I through X, Defendants.
 No. 95-2837.
 United States Court of Appeals, Fourth Circuit.
 Argued July 9, 1996.
Decided July 29, 1996.
 
 1
 ARGUED: Jeffrey Kent Phillips, STEPTOE & JOHNSON, Charleston, West Virginia, for Appellees Smithers, Eads, and Skeen;
 
 
 2
 Travis Sutherland Haley, CLEEK, PULLING, KNOPF & FOWLER, Charleston, West Virginia, for Appellees Welch and Morgan.
 
 
 3
 ON BRIEF: Kathy A.W. Arnold, Spencer, West Virginia, for Appellants.
 
 
 4
 Steven P. McGowan, STEPTOE & JOHNSON, Charleston, West Virginia, for Appellees Smithers, Eads, and Skeen.
 
 
 5
 Before WILKINSON, Chief Judge, LUTTIG, Circuit Judge, and SHEDD, United States District Judge for the District of South Carolina, sitting by designation.
 
 PER CURIAM
 
 6
 Michael Eugene Rhodes and his wife Danita Rhodes sued a special investigator, a deputy sheriff, a state trooper, a county prosecutor, and a special prosecutor, alleging that the five officials wrongfully investigated and prosecuted Michael Rhodes in connection with a jail break and the smuggling of contraband into the jail. The Rhodes claimed that the investigation violated Mr. Rhodes' civil rights and that both plaintiffs were the victims of intentionally inflicted emotional distress. The five officials sought summary judgment, arguing that they properly fulfilled their official obligations, had probable cause for the prosecutions, and were protected by absolute or qualified immunity.
 
 
 7
 The district court granted summary judgment in favor of the five defendants on the grounds of absolute immunity, qualified immunity, and plaintiffs' failure to set out facts sufficient to support several of the claims. The Rhodes appeal this ruling, arguing that the judge erred in granting summary judgment. Our review of the record and the appropriate legal standards in this case persuades us that the rulings of the district court were correct. We therefore affirm the judgment on the reasoning set forth in the district court's extensive and careful memorandum opinion. Rhodes v. Smithers, C.A. No. 2:94-0188 (S.D.W.Va. Sep. 15, 1995).
 
 AFFIRMED